IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH WILLIAM BURNS,<br><br>Defendant. | 4:19-CR-3089<br><br>ORDER |

The defendant has filed a motion (filing 69) asking the Court to "correct" its judgment by reducing its sentence to provide him with what would in effect be a downward departure pursuant to U.S.S.G. § 5K2.23. Section 5K2.23 (which has since been deleted, *see* U.S.S.G. Amend. 836) provided that

> downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.

That section was at least potentially relevant to the defendant, who at the time of his federal sentencing had already been sentenced to a series of consecutive state terms of imprisonment. *See* filing 42 at 1-2; filing 43; filing 46 at 14-16.

But the Court knew that at the time. And while the defendant complains that his lawyer "erred" because she "should have requested . . . an adjustment at sentencing . . . [t]o account for the time served on the related state sentence(s)," the defendant's lawyer *did* make that request—she expressly

asked the Court to give the defendant credit for six months served on a state court sentence, and ten months served since his federal arraignment "in the form of a reduction of his sentence of 16 months to account for this time, rather than leave the matter to the discretion of the Bureau of Prison for determining appropriate credit for time served." Filing 42 at 2.

The Court granted that request in part, varying six months below the advisory guidelines range, but otherwise only *recommending* credit for time served to the Bureau of Prisons. *See* filing 46 at 21; filing 48; filing 49. And because the judgment was silent as to whether the federal sentence should be served concurrently or consecutively to the state sentences, the terms ran consecutively by default. *See Harris v. Wallace*, 984 F.3d 641, 645 (8th Cir. 2021) (citing *Setser v. United States*, 566 U.S. 231, 236 (2012)). This Court's silence, in other words, required consecutive sentences. *See Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013) (citing 18 U.S.C. § 3584(a)).

The Court imposed the sentence it meant to impose, and there is nothing to "correct." Any issues with how the Bureau of Prisons has calculated the defendant's time served credit is, as the defendant knows, a matter to be raised with the Bureau of Prisons. *See* filing 66. Accordingly,

IT IS ORDERED that the defendant's motion to correct the judgment (filing 69) is denied.

Dated this 13th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -